IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Wiley Y. Daniel

Civil Action No. 12-cv-02057-WYD

JUAN VELASQUEZ,

    Applicant,

v.

WARDEN FAULK, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER TO DISMISS IN PART AND FOR ANSWER

---

I.  Background

    Applicant Juan Velasquez is in the custody of the Colorado Department of Corrections (DOC) at the correctional facility in Limon, Colorado.  Applicant, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 6.  In an order entered on September 5, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action.

    On October 19, 2012, Respondents filed their Pre-Answer Response, ECF No. 11.  Applicant filed a Reply, ECF No. 16, on November 14, 2012.

    On July 7, 2003, Applicant was convicted by a jury of assault and attempted murder.  Pre-Answer, ECF No. 11-15, Appx. O at 15.  At sentencing, the trial court determined Applicant had four prior felony convictions, was a habitual criminal under

Colorado law, and sentenced him to two concurrent ninety-six year sentences. *Id.* at 12-13. The Colorado Court of Appeals (CCA) affirmed the conviction and sentence, and the Colorado Supreme Court (CSC) denied Applicant's petition for certiorari review. *See People v. Velasquez*, No. 03CA2449 (Colo. App. Nov. 9, 2006); *Velasquez v. People*, No. 06SC840 (Mar. 26, 2007). On June 7, 2007, Applicant filed a Colo. R. Crim. P. 35(c) postconviction motion, which was denied by the trial court. Pre-Answer Resp., Appx. O at 11. The CCA affirmed the denial in part, reversed in part, and remanded for an evidentiary hearing on Applicant's ineffective assistance of counsel claim regarding a failure to investigate and raise the voluntary intoxication defense. *People v. Velasquez*, No. 07CA1796 at 11 (Jan. 15, 2009). After the remand hearing, the trial court again denied the Rule 35(c) postconviction motion and the CCA affirmed. Applicant petitioned for certiorari review and according to Respondents, which Applicant does not deny, the CSC has yet to rule on the petition.

In this action, Applicant asserts:

(1)    A denial of a right to conflict free counsel;

(2)    A lack of sufficient evidence to support a charge of attempted first degree murder;

(3)    A lack of a sufficient indictment resulting in the inability to prepare a defense;

(4)    A lack of sufficient evidence to prove habitual criminal counts;

(5)    A disproportionate sentence;

(6)    Prosecutorial misconduct;

(7)    Ineffective assistance of trial counsel because

(a) Counsel coerced Applicant not to testify;

(b) Counsel failed to raise an affirmative

2

>>defense of voluntary intoxication
>
>>(c) Counsel failed to conduct reasonable investigation and interview witnesses to support a voluntary intoxication defense;
>
>>(d) Counsel failed to object to the prosecution's misstatements of law and misconduct in closing and rebuttal arguments; and
>
>>(e) Cumulative error; and
>
>(8)   Denial of a right to jury trial on habitual criminal findings.

Respondents concede that the action is timely and Claims 7(b), 7(c), and 7(d)[1] are exhausted. As for the remainder of the claims, Respondents contend the claims are procedurally barred.

II. Analysis

I must construe liberally the Application, Reply, and other pleadings, because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Respondents contend that Applicant did not exhaust Claims One, Two, Four, Five, Six, and Seven(d), because he failed to present these claims to the CSC and the claims now are procedurally defaulted. As for Claim Three, Respondents contend that the claim is barred because Applicant failed to present the claim to the CCA as a federal

---

[1] I note that Respondents set forth conflicting arguments regarding Claim Seven(d). On Page Three of the Pre-Answer Response, Respondents concede that Claim Seven(d) is exhausted and do not argue the claim is procedurally defaulted. However, on Page Nineteen, Respondents argue that Claim Seven(d) is procedurally barred from federal habeas review. I further note that Respondents fail to address why they believe Claim Seven(e) is procedurally barred. Nonetheless, because Respondents concede Claim Seven(d) and (e) was raised in Applicant's opening brief on appeal of his first Rule 35(c) postconviction motion, and given the analysis of Colo. App. R. 51.1(a) below, Claim Seven(d) and (e) will be found to be exhausted and not barred from federal habeas review.

constitutional violation.  Finally, with respect to Claim Seven(a), Respondents contend that Applicant did not present the claim in any of his opening briefs before the CCA.  I will discuss each claim in turn as follows.

    1.  Claims Three and Seven(a)

In his Reply, Applicant states that under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), he is entitled to "automatic cause" for not exhausting Claim Three.  Reply at 4.  Applicant argues that because he was not given the assistance of counsel in his initial postconviction application he did not raise the issue that direct appellate counsel failed to fully and fairly present the substance of Claim Three to the state courts.  *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the

4

federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).

The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII) (explaining that claims "raised and resolved" or "that could have been presented" in a prior appeal or post-conviction proceeding will generally be denied); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Rule 35 proceedings prevent injustices afer conviction and sentencing but do not provide perpetual review. *See People v. Rodriguez*, 914 P.2d

5

230, 249 (Colo. 1996) (citing *People v. Hampton*, 528 P.2d 1311, 1312 (1974)). Applicant cannot use a Rule 35(c) proceeding to relitigate matters fully and finally resolved in a previous appeal. *Rodriguez*, 914 P.2d at 249 (citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007), and is procedurally barred from federal habeas review, *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. A federal court may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice if the merits of a claim are not reached. *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors

that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson*, 143 F.3d at 1319.  Applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray*, 477 U.S. at 488-89.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Id.*  Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.

For the following reasons, Applicant fails to demonstrate a cause for his procedural default.  Under *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), habeas petitioners have no constitutional right to postconviction counsel in the first instance and inadequate performance by counsel does not excuse procedural default.  In *Martinez*, the Supreme Court held that where a state permits a defendant to challenge the

assistance of trial counsel only in a postconviction proceeding, then the absence of postconviction counsel, or ineffective assistance of post-conviction counsel, in the postconviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. *Id.* at 1318. *Martinez* also was clear about what it did *not* hold. *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). "[I]n no uncertain terms . . . '[t]he rule of *Coleman* governs in all but the limited circumstances recognized here.' " *Id.* (quoting *Martinez*, 132 S. Ct. 1320). "*Martinez* applies only to "a prisoner's procedural default of a claim of ineffective assistance at *trial*,' not to claims of deficient performance by appellate counsel." *Id.* (quoting *Martinez*, 132 S. Ct. At 1315). Here, Applicant is challenging appellate counsel's failure to present the substance of Claim Three. The lack of assistance of counsel in Applicant's postconviction proceeding and failure to raise the appellate counsel claim in the postconviction motion, therefore, does not serve as cause for default.

Furthermore, nothing Applicant asserts in his Application, Reply, or other pleadings alleges actual innocence as defined above. As a result, because Applicant cannot meet either the cause and prejudice or actual innocence exceptions, Claim Three will be dismissed as procedurally barred from federal habeas review.

With respect to Claim Seven(a), I find a review of the substantialness of this claim is necessary under *Martinez*. *See Martinez*, 132 S. Ct. at 1312.

2. Claims One, Two, Four, Five, Six, and Seven(b), (c), (d), and (e)

To exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Colorado law provides that

> [i]n all appeals from criminal convictions or postconviction

> relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1(a). In his concurring opinion in *O'Sullivan*, Justice Souter provides an example of when state supreme court review is unavailable. *O'Sullivan*, 526 U.S. at 849. The language Justice Souter quotes is taken from a South Carolina Supreme Court decision in *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (1990), and mirrors the language in Rule 51.1, in stating

> a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Therefore, I find that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA. I am not persuaded by Respondents' arguments to the contrary.

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. If a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to

9

pursue that avenue in order to exhaust state remedies.  *See id.*

Pursuant to Colo. App. R. 51.1(a), I find that review in the CSC is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the CCA.  *See, e.g., Bahadori v. Milyard*, No. 08-cv-005391-WYD, 2010 WL 3002028 (D. Colo. July 29, 2010).  As Respondents concede, Applicant fairly presented Claims One, Two, Four, Five, Six, and Seven(b), (c), (d), and (e) to the CCA in the postconviction proceedings as federal constitutional claims.

Furthermore, four circuit courts have concluded that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).  "[T]here is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *See O'Sullivan*, 526 U.S. at 847-48.

I, therefore, find that Claims One, Two, Four, Five, Six, and Seven(b), (c), (d), and (e) are exhausted.

III. Conclusion

Accordingly, it is

ORDERED that Claim Three is dismissed as procedurally barred from federal habeas review.  It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of all remaining claims, including the *Martinez* issue in Claim

Seven(a).  It is

FURTHER ORDERED that within thirty days of the filing of an answer Applicant may file a reply if he desires.  It is

FURTHER ORDERED that within thirty days from the date of this Order the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Case No. 86CR653, including all documents in the state court file and transcripts of all proceedings conducted in the state court, but excluding any physical evidence (as opposed to documentary evidence) not relevant to the asserted claims.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

(1)   Clerk of the Court
      Adams County District Court
      1100 Judicial Drive
      Brighton, Colorado 80601; and

(2)   Court Services Manager
      State Court Administrator's Office
      101 W. Colfax, Ste. 500
      Denver, Colorado  80202.

BY THE COURT:

s/Wiley Y. Daniel
WILEY Y. DANIEL, Senior Judge
United States District Court